IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRENDA DENNIS, as Widow and
Wrongful Death Beneficiary of
HUBERT H. DENNIS,

     Plaintiff,                                                  No: 1:08-cv-1055-JDB-egb

     v.

PHILLIP SHERMAN, M.D.,

     Defendant.

**ORDER DENYING PLAINTIFF'S SIXTH MOTION IN LIMINE**

This lawsuit concerns the alleged medical malpractice of Defendant, Phillip Sherman, in Union City, Tennessee, resulting in the death of Hubert Dennis. Plaintiff, in her Sixth Motion in Limine, seeks the exclusion of testimony by Stephen Threlkeld, M.D. ("Dr. Threlkeld"), one of the Defendant's expert witnesses. (Docket Entry ("D.E.") No. 78.) Defendant has responded. (D.E. No. 81.) For the reasons set forth hereinafter, the Court **DENIES** Plaintiff's motion.

In her motion, Plaintiff, Brenda Dennis, widow of Hubert Dennis, asks the Court to exclude the expert's testimony altogether, or alternatively, to "limit the testimony of Dr. Threlked to the four corners of his expert disclosure." (D.E. No. 78, 6th Motion in Limine, p. 1.) His expert report contains a summary of the opinions that he presumably will offer at trial if the Court allows his testimony, and details his qualifications and the methodology by which he has arrived at his conclusions. (D.E. No. 34, Defendant's Rule 26 Disclosures, ¶¶ 9-14.) Plaintiff has not sought to depose the expert, but instead "relies on the expert disclosure filed by the [D]efendant in this case." (D.E. No. 78, 6th Motion in Limine, p. 3.) Dennis gives no indication

as to the bases of her concerns that Dr. Threlkeld's trial testimony will differ from what is outlined in his disclosures, however.

Dennis posits eight different objections to the disclosures as they relate to Dr. Threlkeld, all of which concern what Plaintiff considers to be inadequate or insufficient explanations of his opinions. (Id. at pp. 4-7.) She alternatively contends that Dr. Threlkeld: has merely offered conclusory opinions; has not sufficiently explained his methodology; and does not support his opinions with facts from the medical record—in short, the sum of Plaintiff's objections is that the disclosures do not contain enough information. (Id.) Defendant responds by averring that Plaintiff has "cleverly ignore[d]" the portions of his expert disclosures that provide Dr. Threlkeld's "opinions, the basis and reasons therefore [sic] . . . the data or other information considered by Dr. Threlkeld . . . as well as his qualifications, compensation, etc." (D.E. No. 81, Response to 6th Motion in Limine, pp. 1-2.)

In Daubert v. Merrell Dow Pharms., Inc., the United States Supreme Court reiterated that the Federal Rules of Evidence require a trial judge to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The linchpin of the Court's analysis in Daubert was Fed. R. Evid. 702, which states in pertinent part:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert . . . may testify thereto . . . if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

As a result, a trial court, when facing a proffer of scientific testimony, must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically

2

valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Daubert, 509 U.S. at 592-93.

Fed. R. Civ. P. 26(a)(2)(B) requires that expert witness disclosures contain "a complete statement of all opinions the witness will express and the basis and reasons for them," and "the data or other information considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). "A party's attorney can reduce an expert's oral opinion to writing so long as the report reflects the actual views of the expert." U.S. v. Kalymon, 541 F.3d 624, 638 (6th Cir. 2008). The Sixth Circuit has explained the functioning and limitations of Fed. R. Civ. P. 26(a)(2)(B) as follows:

> Section 26(a)(2)(B) does not limit an expert's testimony simply to reading his report. No language in the rule would suggest such a limitation. The rule contemplates that the expert will supplement, elaborate upon, and explain and subject himself to cross-examination upon his report. Parties may ordinarily seek permission to depose such experts prior to trial, if necessary.

Thompson v. Doane Pet Care Co., 470 F.3d 1201, 1203 (6th Cir. 2006). "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." Roberts *ex rel* Johnson v. Galen of Va., Inc., 325 F.3d 776, 782 (6th Cir. 2003) (internal citations and quotation marks omitted).

After reviewing Dr. Threlkeld's disclosure, the Court believes that the Defendant has satisfied Fed. R. Civ. P. 26(a)(2)(B). All of Plaintiff's objections emanate from paragraph eleven of Dr. Threlkeld's disclosure, which is the paragraph in which he provides his medical opinions:

> Dr. Threlkeld is familiar with the Infectious Disease Process within the body. Dr. Threlkeld believes that there was no clear sign of sepsis when Mr. Dennis arrived at Baptist Hospital on February 19, 2006. The confusion that Mr. Dennis suffered would not be unusual for an elderly gentleman with significant medical issues

3

> (cancer post therapy, etc.). After Mr. Dennis suffered a large aspiration on the 24th, he had signs of overwhelming inflammation that would place him at high mortality immediately. Dr. Sherman already had surgery involved to assist, and he promptly began broad spectrum antibiotics. Despite these measures, the patient expired. Though an exact cause of death would be difficult to pinpoint, Mr. Dennis may well have had ischemic bowel in addition to sepsis from his large aspiration and pneumonia.

(D.E. No. 34, Defendant's Rule 26 Disclosures, ¶ 11.) To each sentence of this paragraph, Plaintiff objects on the grounds that there is no specific reference to supporting facts or any indication as to how Dr. Threlkeld formed his opinions. (D.E. No. 78, 6th Motion in Limine, pp. 4-7.)

However, paragraphs ten and thirteen both clearly specify that the expert has reviewed and will continue to review the medical records in this case, along with the death certificate and all depositions. (Id. at ¶¶ 10, 13.) Thus, it is unclear to the Court why Plaintiff claims that Dr. Threlkeld has not pointed to the bases for his conclusions, given that the expert disclosure specifically enumerates the documents Dr. Threlkeld has reviewed in formulating his opinions. Dennis appears to desire more explanation from Dr. Threlkeld as to the specific basis for every single opinion he plans to express in his testimony and the way he arrived at each conclusion. This, however, is not the fault of the disclosure. Rather, if Plaintiff desired to delve more deeply into Dr. Threlkeld's opinions and the reasons therefor, she had an ample opportunity to depose him, but chose not to. Without citing any case law for support, Plaintiff contends that she "is not required to depose defendants [sic] experts, but may rely on their disclosures." (D.E. No. 78, Sixth Motion in Limine, p. 3.)

Accepting without deciding that Plaintiff is correct in this regard, it does not result in requiring a party who otherwise satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B) to provide a word-for-word transcript of its expert's planned testimony, or to anticipate every

4

possible question the expert will be asked on cross-examination. *See* Thompson, 470 F.3d at 1203 (noting the fact that Rule 26 contemplates that an expert will be able to supplement his report, subject to cross-examination). Regardless, Defendant's disclosure of Dr. Threlkeld's planned testimony satisfies the requirements of Fed. R. Civ. P. 26(a)(2)(B) because it proffers his opinions, the bases therefor, and the data he reviewed. Based on the information Defendant has disclosed about his expert, Plaintiff is on notice as to the subject matter of his testimony, his qualifications, and the information upon which he relies. Rule 26 requires no more than this. *See* McHugh v. Olympia Entertainment, Inc., 37 F. App'x 730, 735 (6th Cir. 2002) (citing Phil Crowley Steel Corp. v. Macomber, Inc., 601 F.2d 342, 344 (8th Cir. 1979)) (noting Rule 26's "dual purposes of narrowing the issues and eliminating surprise"). Accordingly, Plaintiff's Sixth Motion in Limine is **DENIED**.

**IT IS SO ORDERED** this, the 28th day of April, 2010.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE