IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRENDA DENNIS, as Widow and
Wrongful Death Beneficiary of
HUBERT H. DENNIS,

      Plaintiff,

v.

PHILLIP SHERMAN, M.D.,

      Defendant.

No: 1:08-cv-1055-JDB-egb

**ORDER DENYING PLAINTIFF'S FOURTH MOTION IN LIMINE**

      This lawsuit concerns a claim by Brenda Dennis for medical malpractice against Defendant, Phillip Sherman, in Union City, Tennessee, resulting in the death of Plaintiff's husband, Hubert Dennis. Plaintiff's Fourth Motion in Limine requests that the Court limit the scope of the testimony of Drs. Sherman, Rogelio Escarcega, and Bill James (the "treating physicians"). (Docket Entry ("D.E.") No. 65.) Defendant has responded. (D.E. No. 76.) For the reasons set forth hereinafter, the Court **DENIES** Plaintiff's motion.

      The Scheduling Order in this case set a deadline of November 19, 2008 for Defendant to disclose his experts for trial. (D.E. No. 18, Scheduling Order.) On November 18, 2008, Sherman submitted his disclosure statement, identifying Drs. Michael McAdoo and Stephen Threlkeld as his expert witnesses, but he did not identify the treating physicians as experts. In her motion, Dennis seeks to restrict the trial testimony of these physicians "to the facts based on their treatment of [the decedent]." (D.E. No. 65, 4th Motion in Limine, p. 1.) The basis of Dennis's motion is that the Defendant did not timely disclose the treating physicians as expert witnesses

pursuant to Fed. R. Civ. P. 26(a)(2)(A); instead, Defendant merely "named them as witnesses who likely have discoverable knowledge related to this case" pursuant to Fed. R. Civ. P. 26(a)(1). (Id. at pp. 1-2.) As a result, Plaintiff argues, pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, the Court should prevent these physicians from testifying about anything outside of the knowledge gleaned from their diagnoses and treatment of the decedent. From her pleading, it appears Plaintiff intends for the Court to disallow the witnesses from testifying about causation. (D.E. No. 65, 4th Motion in Limine, pp. 12-13.) Sherman responds by averring that treating physicians are not technically "experts" as contemplated by Rule 26(a)(2)(A), and even if they are, his failure to disclose them as such is harmless. (D.E. No.76, Response to 4th Motion in Limine, pp. 1-10.) Defendant's attorney also indicates that he believed Plaintiff's counsel had no objection to the fact that he did not disclose the treating physicians as experts. (D.E. No. 65, 4th Motion in Limine, p. 4.)

      A trial court has "broad discretion" in deciding whether to admit expert testimony. Cantrell v. GAF Corp., 999 F.2d 1007, 1014 (6th Cir. 1993). Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure provides:

> In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." "The burden [is] on the potentially sanctioned party to prove harmlessness." Roberts *ex rel* Johnson v. Galen of Va., Inc., 325 F.3d 776, 782 (6th Cir. 2003) (citations omitted). The Sixth Circuit has interpreted Rule 37 as a mandate, requiring

"automatic" exclusion of non-disclosed evidence. Dickenson v. Cardiac and Thoracic Surgery of Eastern Tenn., 388 F.3d 976, 983 (6th Cir. 2004), *cert. denied*, 544 U.S. 961, 125 S. Ct. 1731, 161 L. Ed. 2d 602 (2005). The question of whether a party must disclose treating physicians as experts is a matter of some debate within the federal courts. *See, e.g.*, St. Vincent v. Werner Enterprises, Inc., ___ F. Supp. 2d ____, 2010 WL 1508466, at *1 (D. Mont. 2010) ("Treating physicians . . . are generally not subject to the mandatory expert witness disclosure requirements"); Brusso v. Imbeault, ___ F. Supp. 2d ____, 2010 WL 1010447, at *10 (W.D.N.Y. 2010) ("A treating physician need not be disclosed as an expert unless the doctor's opinion testimony extends beyond the facts disclosed during care and treatment of the patient and the doctor is specifically retained to develop opinion testimony") (internal citation and quotation marks omitted); *cf*. Watson v. United States, 485 F.3d 1100, 1107 (10th Cir. 2007) (holding that treating physician must be disclosed as an expert, but need not provide an expert report). The Plaintiff relies upon Musser v. Gentiva Health Servs., 356 F.3d 751 (7th Cir. 2004), for its statement that "*all* witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A)." Id. at 756 (emphasis in original). Witnesses "must be designated as experts if they are to provide expert testimony." Id. at 758.

      The gravamen of the dispute between the parties with respect to the treating physicians is whether or not they will, in fact, offer expert testimony on the issue of causation at trial. The Federal Rules of Evidence consider expert testimony to be "scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Physicians, simply by virtue of their extensive training, certainly possess "scientific, technical, or other specialized knowledge." By contrast, the Sixth Circuit has recognized that at least some aspects of a treating physician's testimony,

even if wholly factual in nature, are nevertheless the product of the physician's medical treatment and do not necessarily transform treating physicians into experts: "[D]octors may need to determine the cause of an injury in order to treat it. Determining causation may therefore be an integral part of 'treating' a patient." Fielden v. CSX Transp., Inc., 482 F.3d 866, 870 (6th Cir. 2007).[1] Thus, although the Plaintiff seeks to prohibit the treating physicians from testifying as to causation, the Sixth Circuit has indicated that treating physicians' *factual* testimony about their treatment and diagnosis necessarily involves causation analysis. However, the Court need not explore this issue further, because the Defendant met his burden of proving that any failure to disclose—assuming disclosure was required—was harmless.

The Sixth Circuit has held that the advisory committee's note to Fed. R. Civ. P. 37(c) "strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." Sommer v. Davis, 317 F.3d 686, 692 (6th Cir. 2003), *cert. denied*, 540 U.S. 824, 124 S. Ct. 155, 157 L. Ed. 2d 45 (2003) (internal citations and quotation marks omitted). The Sixth Circuit has intimated that the latter requirement of knowledge is further broken down into two parts: that opposing counsel knows "who [is] going to testify and to what they [are] going to testify." Galen of Va., Inc., 325 F.3d at 783. If opposing counsel knows these two matters, the situation is "atypical of cases where sanctions have been justified under Rule 37(c)(1)." Id.

In this case, it appears beyond doubt that Defendant's counsel—whether erroneously or not—believed that he did not have to disclose the treating physicians as experts. Indeed, his response indicates that he continues to conclude that the treating physicians are not experts and

---

[1] In Fielden, the court, instead of discussing the requirement that parties disclose their experts, was explaining Fed. R. Civ. P. 26(a)(2)(B), mandating the filing of an expert report in certain circumstances—which is not at issue in the current motion in limine. However, the Court finds the Sixth Circuit's discussion to be instructive as to the general nature of a treating physician's testimony and analysis. In any event, this language is not dispositive, given the fact that the Court finds the Defendant's failure to disclose to be harmless error.

do not have to be disclosed as such. (D.E. No. 76, Response to 4th Motion in Limine, pp. 1-10.) His failure to disclose does not indicate bad faith or any attempt to obfuscate or hide information from Plaintiff. Thus, the Court believes that if there was a mistake at all, it was an "honest mistake" on the part of Defense counsel. Sommer, 317 F.3d at 692. Moreover, it is undisputed that Dennis knows "who" will testify. She obviously is aware of Defendant's intention to call the treating physicians as witnesses, because they are the subject of this motion in limine. This is not a situation in which Defendant intends to use witnesses of which Plaintiff previously was unaware. Thus, the only remaining question is whether Plaintiff knows "to what they [are] going to testify." Galen, 325 F.3d at 783.

      Plaintiff contends that she will be prejudiced if the Court permits these doctors to testify as experts, based on the possibility of the "treating physician's [sic] undisclosed opinions." (D.E. No. 65, 4th Motion in Limine, p. 9.) Although the Plaintiff already has deposed each of the treating physicians, she claims that had she known about the Defendant's intentions, she would have questioned them differently, although she does not elaborate as to the type of information she failed to learn. (Id. at pp. 9-10.) Dennis insists that this potential uncertainty requires the Court to limit the physicians' testimony to their treatment and diagnosis. (Id. at p. 12). The Court disagrees. Plaintiff points out the fact that some courts have held that a deposition is not a substitute for Rule 26 disclosure, and in denying the instant motion, the Court does not hold otherwise. *See* Musser, 356 F.3d at 757-58 (discussing the requirements for Rule 26 disclosures). However, in this case, because Dennis has had the opportunity to question, and did in fact question, the treating physicians as to both the factual and scientific bases for their opinions, the Court believes she is well apprised of the nature of their testimony and the support therefor.

Moreover, given the fact that the Plaintiff has interrogated these witnesses, it would be a harsh remedy to restrict their trial testimony to treatment and diagnosis, given the fact that the depositions themselves appear to have been much broader in scope. At the very least, Plaintiff should be prepared for the treating physicians to offer testimony that is substantially similar to that which they gave during their depositions. Thus, requiring them to testify in a manner that is not inconsistent with their prior testimony would seem to be more appropriate. Furthermore, if these witnesses attempt to stray from their prior statements, Plaintiff retains the ability to impeach the physicians if their trial testimony is inconsistent with their depositions. *See, e.g.*, Fed. R. Evid. 613 (using a witness's prior statements for impeachment purposes), 801(d) (a witness's prior statement is not hearsay).

Finally, Plaintiff argues that she will be prejudiced because "had the Defendant properly disclosed Mr. Dennis's treating physicians as experts, then the Plaintiff could have prepared her expert to address their opinions." (D.E. No. 65, 4th Motion in Limine, p. 10.) "[Plaintiff's] expert should have an opportunity to review and rebut, if necessary, the opinions of the treating physicians." (Id. at p. 11.) However, as of the filing of this motion, Dennis's expert had not yet been deposed, and because all of the treating physicians had been, her expert still had the opportunity to "review and rebut" their deposition testimony.[2] Through her depositions of the treating physicians, Plaintiff has learned the nature of their trial testimony, and simply has not demonstrated to the Court that she will be harmed if they are permitted to testify as to those matters about which they spoke in their depositions. Thus, for the reasons stated herein, even

---

[2]   On May 11, 2010, the Court received notice from Defendant's counsel that he deposed the Plaintiff's expert, Dr. Jennifer Johnson, on April 27, 2010. Although the Court is unaware of the nature of her testimony during that deposition, the fact nevertheless remains that because all of the treating physicians were deposed prior to Dr. Johnson's deposition, there was an adequate opportunity for Dr. Johnson to "review and rebut" the treating doctors' testimony.

6

assuming without deciding that the treating physicians' testimony qualifies as "expert" testimony, Plaintiff's Fourth Motion in Limine is **DENIED**.

**IT IS SO ORDERED** this, the 12th day of May, 2010.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE
