IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRENDA DENNIS, as Widow and
Wrongful Death Beneficiary of
HUBERT H. DENNIS,

      Plaintiff,                                                       No: 1:08-cv-1055-JDB-egb

      v.

PHILLIP SHERMAN, M.D.,

      Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
FIFTH MOTION IN LIMINE**

      This lawsuit concerns claims by Plaintiff, Brenda Dennis, for medical malpractice by Defendant, Phillip Sherman, M.D. (Dr. Sherman), in Union City, Tennessee, resulting in the death of Plaintiff's husband, Hubert Dennis. Plaintiff's Fifth Motion in Limine seeks exclusion of the testimony of Rogelio Escarcega, M.D. ("Dr. Escarcega") and William James, M.D. ("Dr. James"), two of the physicians who treated Mr. Dennis. (Docket Entry ("D.E.") No. 66.) Defendant has responded to the motion. (D.E. No. 77.)

      In her pleading, Dennis requests that the Court preclude Dr. James and Dr. Escarcega from presenting what she claims is unreliable testimony. The Defendant is a family practitioner who was decedent's attending physician at the time of the his death, and Plaintiff objects to Dr. James's and Dr. Escarcega's ability to testify as to whether Dr. Sherman adhered to the appropriate standard of care for a doctor in his specialty. (D.E. No. 66, 5th Motion in Limine, pp. 1-2.) Specifically, Dennis argues that because in his deposition, Dr. James—who is an emergency room physician—did not articulate the standard of care for a physician in the

Defendant's specialty, his testimony is irrelevant and should be disallowed. (Id. at pp. 3-4.) With regard to Dr. Escarcega, Plaintiff's argument is essentially the same: because Dr. Escarcega is a general surgeon and admitted during his deposition that he could not articulate the standard of care for a family practitioner functioning as an attending physician, his testimony is irrelevant and should be excluded. (Id. at pp. 6-7.) Also as to Dr. Escarcega, Dennis insists that his testimony is not properly supported or informed by the facts. (Id. at pp. 7-9.) In response, Defendant argues that he has no intention of offering either Dr. Escarcega or Dr. James to testify as to the standard of care for a family practitioner functioning as an attending physician; instead, he plans only to offer them as witnesses who can testify within their respective specialties as to the treatment they gave to the decedent. (D.E. No. 77, Response to 5th Motion in Limine, pp. 1-2.)

Based upon the Defendant's response and his plans for Dr. Escarcega and Dr. James at trial, the Court finds at this point that Plaintiff's motion is moot.[1] It is difficult to understand how their testimony as treating physicians speaking about matters within their personal knowledge—their treatment of the decedent—could be "irrelevant," especially given the low threshold for relevance. See Fed. R. Evid. 401 ("relevant evidence" is any evidence having the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). Plaintiff has not explained how, in a medical malpractice lawsuit, the testimony of two of the decedent's treating physicians could be irrelevant.

---

[1] Even in Dr. Escarcega's deposition, when he was questioned about his knowledge of the standard of care for a family practitioner, Dr. Sherman's counsel stated: "We don't intend to offer Dr. Escarcega as an expert on the standard of care for family practice doctors for two reasons: One, he has said he doesn't know that standard.. . . And then number two, he was consulted in this case as a general surgeon only.. . . [We will not] offer him as an expert for opinions regarding the standard of care applicable to Dr. Sherman as a family practice doctor." (D.E. No. 63, Escarcega Deposition, p. 92.) Likewise, with respect to Dr. James, Dr. Sherman's response to Dennis's motion reiterates that he does not intend to offer Dr. James as an expert on Dr. Sherman's standard of care. (D.E. No. 77, Response to 5th Motion in Limine, pp. 1-2.)

Nevertheless, even if Dennis had a valid reason for questioning the physicians' testimony, the gravamen of her objection seems to stem from matters about which they were not questioned in their depositions. For instance, Dr. James was not asked about the appropriate standard of care for Dr. Sherman, so it is unclear whether or not he would be able to articulate it properly had he been given the opportunity. Simply because the witnesses *did not* state these matters during their depositions does not mean that they *cannot*. In other words, Defendant avers that he does not intend to offer these treating physicians to testify as to the appropriateness of Dr. Sherman's care of the decedent, but even if he attempts to do so, their depositions do not definitively indicate that they would be unable to testify as to the appropriate facts and standards of care at trial, if asked.[2] At that time, if Plaintiff has a legitimate reason for asserting that their testimony is irrelevant or invalid, she may object or attempt to impeach their credibility on cross-examination. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion.

**IT IS SO ORDERED** this, the 22nd day of June, 2010.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] *See* Pullum v. Robinette, 174 S.W.3d 124, 139 (Tenn. Ct. App. 2004) ("[i]t is not uncommon for [witnesses] whose qualifications are challenged to present additional or supplemental testimony (by affidavit, deposition, or at trial) regarding those qualifications. We know of no rule prohibiting this practice and no authority holding that such supplemental testimony cannot be based on information acquired after the initial pretrial testimony").