IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRENDA DENNIS as Widow and
Wrongful Death Beneficiary of
HUBERT H. DENNIS,

    Plaintiff,

v.                                        No. 1:08-cv-01055-JDB-egb

PHILIP A. SHERMAN, M.D.,

    Defendant.

_____

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION IN LIMINE**
_____

On October 14, 2009, the Defendant, Philip A. Sherman, M.D., filed a three-part motion in limine seeking to prevent the Plaintiff, Brenda Dennis, and her counsel from commenting upon, disclosing or asking questions about certain topics at the trial of this medical malpractice action.  (Docket Entry ("D.E.") No. 52.)  Dennis submitted three separate responses to the motion on November 25, 2009.  (D.E. Nos. 67, 68, 69.)  During a December 31, 2009 pretrial conference, the Court heard argument on Defendant's motion and ruled from the bench as to parts two and three.  The Court held the remaining issue in abeyance because it involved an unsettled issue of Tennessee statutory interpretation, which was the subject of an appeal pending before the Tennessee Supreme Court.  As the Tennessee Supreme Court resolved the question on September 23, 2010, in the case of Elliot v. Cobb, No. W2009-00961-SC-S09-CV, ___ S.W.3d ___ (Tenn. 2010), part one of the Defendant's motion in limine is now appropriate for disposition.

The relief sought by Defendant's motion was "[t]o prohibit Plaintiff, Plaintiff[']s counsel or any of Plaintiff's witnesses from disclosing to the jury[] the amount of damages sought in this case or making any statements concerning the ultimate monetary worth of this action." (D.E. No. 52 at 1.) In support, Dr. Sherman relied on Tennessee Code Annotated section 29-26-117, which provided that "[i]n a medical malpractice action the pleading filed by the plaintiff may state a demand for a specific sum, but such demand shall not be disclosed to the jury during a trial of the case; notwithstanding the provisions of § 20-9-302 to the contrary."[1] Although not stated, according to the Plaintiff, the Defendant also seems to argue that this restriction on Plaintiff or her counsel should be extended to any mention of the value or worth of non-economic damages, such as pain and suffering. In response, the Plaintiff concedes that she is not permitted to disclose to the jury the amount sought in the complaint. However, she insists that section 29-26-117 does not prevent her from suggesting to the jury a monetary value for such damages. For that proposition, Dennis relies on another provision of Tennessee Code Annotated, section 20-9-304, which provides that "[i]n the trial of a civil suit for personal injuries, counsel shall be allowed to argue the worth or monetary value of pain and suffering to the jury . . . ."

In Elliot v. Cobb, the Tennessee Supreme Court granted the Plaintiff's application for permission to file an interlocutory appeal to resolve the issue of "whether Tennessee Code Annotated section 29-26-117 . . . prohibits a plaintiff from arguing or suggesting any monetary amounts for non-economic damages or the ultimate monetary worth of the action to the jury in a medical malpractice case." Slip op. at 2. Finding no conflict in sections 29-26-117 and 20-9-304, the court held that in medical malpractice cases:

---

[1] Tenn. Code Ann. § 20-9-302 permits counsel in a civil action to read the complaint, "including the amount sued for" to the jury and may refer to the complaint in argument or summation to the jury. In Elliott, the Tennessee Supreme Court concluded that the Tennessee legislature repealed this section in medical malpractice cases. Elliott, at 6.

2

> the statutory scheme [of 29-26-117 and 20-9-304] allows a plaintiff to argue or suggest a monetary value to be placed on non-economic damages such as pain and suffering and to make an argument concerning the ultimate monetary worth of his or her action,[2] but precludes either party from disclosing the amount of the ad damnum clause in the plaintiff's complaint.

Id. at 6. The court found that "[t]o hold otherwise would be to effectively rewrite [Tennessee Code Annotated section 29-26-117], adding an additional provision regarding non-economic damages and unduly expanding the scope of the statute." Id.

Thus, in accordance with Elliot, the Court finds that Dennis may "argue or suggest a monetary value to be placed on non-economic damages such as pain and suffering[3] and . . . make an argument concerning the ultimate monetary worth of . . . her action, but [is] preclud[ed] . . . from disclosing the amount of the ad damnum clause in [her] complaint."

**IT IS SO ORDERED** this 30th day of September, 2010.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] Although the Court acknowledges the issue as framed and ultimately decided by the Tennessee Supreme Court is whether a party in a Tennessee medical malpractice case may make an "argument concerning the ultimate monetary worth of his or her action," that determination does not appear to be supported by the statute, Tenn. Code Ann. § 20-9-304, or the decision from the eastern district of Tennessee federal court, upon which the Tennessee Supreme Court found support for its conclusion. Section 20-9-304, as well as its caption, only address the allowance of arguing "the worth or monetary value of pain and suffering to the jury." Tenn. Code Ann. § 20-9-304 (emphasis added). In Donathan v. Orthopaedic & Sports Medicine Clinic, PLLC, No. 4:07-cv-18, 2009 WL 3584263, at *11 (E.D. Tenn. Oct. 26, 2009), Judge Sandy Mattice compared the same two statutes as discussed in Elliott, Tenn. Code Ann. Sections 29-26-117 and 20-9-304, and concluded these provisions allowed a party to "argue the worth or monetary value of pain and suffering to the jury . . . ." (emphasis added). Thus, neither the statute, 20-9-304, nor the federal district court opinion speak to the expansion of a party's entitlement to argue or suggest the ultimate worth of the action to the jury. Nonetheless, as this Court is bound by the substantive laws of the state in which it sits under the directive of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), the ruling by the Tennessee Supreme Court seemingly controls. See also Losey v. N. Am. Philips Consumer Elecs. Corp., 792 F.2d 58, 62 (6th Cir. 1986) (In a diversity action brought in federal court "the court must apply state law in regard to availability and computation of damages.").

[3] Pursuant to Tennessee Code Annotated § 20-9-304, as with any other argument in a trial, such suggestions or arguments must "conform to the evidence or reasonable deduction from the evidence in such case."